Filed 11/25/20  Leonard, Dicker & Schreiber v. Montero CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| LEONARD, DICKER & SCHREIBER LLP, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> GUILLERMO MONTERO, <br><br> Defendant and Appellant. | B298011 <br><br> (Los Angeles County Super. Ct. No. BC505671) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Robert S. Draper, Judge.  Affirmed.

Guillermo Montero, in pro. per., for Defendant and Appellant.

Leonard, Dicker & Schreiber, Kevin S. Dicker, for Plaintiff and Respondent.

Plaintiff and respondent Leonard, Dicker & Schreiber LLP (plaintiff) sued defendant and appellant Guillermo Montero (defendant) in 2013 to recover unpaid legal fees. At the time, defendant's wife, Maria Montero (Maria) was in the midst of a Chapter 11 bankruptcy proceeding. After the bankruptcy court closed Maria's bankruptcy case, the trial court in this case held a bench trial in February 2019 (there were several prior continuances to accommodate a stay entered in the bankruptcy proceedings) and ultimately entered a judgment for defendant. We are asked to consider—on the sparse record presented on appeal, which includes no reporter's transcript of any hearings held in this matter, no reporter's transcript of the trial proceedings, and no exhibits admitted in evidence during trial— whether the judgment should be reversed because the issues tried were barred by res judicata or violated the terms of the bankruptcy court's stay.

## I. BACKGROUND

Maria filed a petition for Chapter 11 bankruptcy in October 2009. The Bankruptcy Court entered an order confirming Maria's fifth amended plan of reorganization (the Reorganization Plan) in November 2012. A "miscellaneous" provision of the Reorganization Plan stated Maria would request discharge and proceed to request entry of a final decree in less than five years. It further recited that all liens characterized as unsecured would be extinguished on confirmation of the plan. Plaintiff's claim was listed as a disputed claim on Maria's schedule of unsecured non-priority claims. It was identified as a disputed community claim with defendant.

2

Plaintiff filed a civil complaint against defendant in Los Angeles Superior Court on April 11, 2013. The complaint stated causes of action for breach of contract, open book account, and quantum meruit based on the following allegations. Plaintiff represented defendant in four legal matters, beginning in July 2006. Plaintiff and defendant entered into a written retainer agreement pursuant to which plaintiff was to charge defendant on an hourly basis, plus costs, and pursuant to which bills would be sent monthly and would be due upon receipt with interest at the rate of 10 percent in the event that payment was not made in a timely fashion. As of March 31, 2013, defendant owed plaintiff in excess of $375,000.

In early February 2015, the Bankruptcy Court entered an "Order Granting Motion of the Reorganized Debtor for Section 105 Relief Extending Stay to Guillermo Montero Regarding Claim of Leonard, Dicker & Schreiber, LLP."[1] The order specified plaintiff's case against defendant was "hereby enjoined and stayed until the completion of the Chapter 11 plan in [that] case (Case No. 2:09-bk-37943-RN), which currently is anticipated to be completed on or approximately December 2017."

In May 2015, plaintiff filed a declaration from one of its attorneys stating a final decree had been issued in Maria's bankruptcy case earlier that month. The declaration further asserted that because the bankruptcy matter had been closed, there was no longer a stay applicable to this case. The docket in the bankruptcy case reflects the case was closed with a final

---

[1] Defendant requested we take judicial notice of both the Reorganization Plan and the Bankruptcy Court's February 2015 order. We previously granted the request.

3

decree, and further states the "plan of reorganization . . . has been fully implemented."

The following month, defendant filed another notice of stay, again attaching the Bankruptcy Court's February 2015 order. The trial court held periodic status conferences over the next few years and continued to confirm the stay was still in effect.

In April 2018, the trial court held another status conference regarding the bankruptcy matter. The minute order reflects the court conferred with counsel regarding the status of the bankruptcy and then set a trial date in February 2019. Approximately a month before trial, defendant asked the court to again take notice of the February 2015 order extending the stay in plaintiff's case. Defendant asserted the bankruptcy case had not been dismissed and would not be dismissed until the reorganization plan was completed; defendant argued proceeding with trial would violate the bankruptcy court order.

The case proceeded to a bench trial on February 4, 2019. Following trial, the court asked the parties for additional documentation concerning the billing records and payments made. The court indicated it would take the matter under submission after it received the requested information.

The court issued an order after trial later that month. The court found plaintiff established it performed the services it alleged with respect to the lawsuits. At the rates agreed to by defendant, plaintiff was owed an unpaid balance of $251,928.57. The court found plaintiff was entitled to judgment in the amount of the unpaid balance plus interest: $336,273.38.

The court entered judgment on March 29, 2019. Notice of entry of judgment was served the same day. Defendant noticed

4

this appeal from the judgment the court entered after the bench trial.

## II.  DISCUSSION

Putting aside a statute of limitations argument and a statute of frauds argument that are waived for failure to present them in his opening brief (*Varjabedian v. City of Madera* (1977) 20 Cal.3d 285, 295, fn. 11; *Cox v. Bonni* (2018) 30 Cal.App.5th 287, 311), defendant's arguments for reversal turn solely on his view of the effect his wife's bankruptcy proceedings should have had on the prosecution of this action.  He argues the judgment in plaintiff's favor should have been barred by the doctrine of claim preclusion (based on what he says was litigated in the bankruptcy proceedings and in this case).  He also argues plaintiff's civil action should not have gone forward because a bankruptcy court stay was then in place that prevented it.  Defendant succeeds on neither claim, however, because the record he presents to enable appellate review is woefully deficient.

We presume a trial court's judgment is correct, and "'[a]ll intendments and presumptions are indulged to support it on matters as to which the record is silent . . . .'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  It is the appellant's burden to affirmatively demonstrate error through an adequate record.  (*Ibid*.; see also *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574 (plur. opn. of Grodin, J.).)

The appellate record in this case includes no reporter's transcripts of the proceedings below—no transcripts of any hearings at which the bankruptcy proceedings were discussed and no transcript of the trial proceedings from which defendant

5

appeals.  We also have nothing in our record that shows what, if any, documents or other materials were presented to the court (as exhibits or otherwise) during trial.

This record provided by defendant is inadequate to overcome the presumption of correctness that attaches to the judgment from which he appeals.  Without a reliable record of what was at issue at trial, we cannot even begin to assess whether the causes of action tried were identical to a claim or issue litigated in the bankruptcy proceedings (see generally *Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal.4th 788, 797); in fact, we do not even know if claim preclusion was a defense advanced at trial.  In addition, without a record of what transpired at trial (and without reporter's transcripts that would memorialize representations made and documents considered at pretrial hearings) we have no basis to question the trial court's implicit finding (or perhaps even an explicit finding) that a bankruptcy stay was no longer a bar to rendering judgment in this action (just shy of six years after it was first filed and four years after the bankruptcy court entered its 2015 stay).[2]

---

[2]     Our resolution of this appeal naturally does not constrain the bankruptcy court from taking any action it is authorized to take if it is asked to find, and ultimately does find, its previously entered stay was violated.

6

DISPOSITION

The judgment is affirmed.  Plaintiff is awarded costs on appeal.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS



BAKER, J.

We concur:



RUBIN, P. J.



KIM, J.

7